**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------X

| | | |
|---|---|---|
| EMILY ROSEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| against | : | |
| UBS FINANCIAL SERVICES INC., ALIGHT SOLUTIONS LLC, MICHAEL O'CONNOR, individually and as PLAN ADMINISTRATOR FOR THE UBS 401(k) PLAN, CHRISTOPHER FERRARA, and FRANK SABIA, | : : : : | **NOTICE OF REMOVAL** |
| Defendants. | : | |

--------------------------------X

**TO:  Clerk of the U.S. District Court for the Southern District of New York**

**PLEASE TAKE NOTICE** that the above-captioned Defendants, and each of them, hereby remove, pursuant to 28 U.S.C. §§ 1131, 1332, 1441, 1146 and 1367, the lawsuit pending in the Supreme Court of the State of New York, County of New York, captioned *Emily Rosen v. UBS Financial Services Inc., Alight Solutions LLC, Michael O'Connor, individually and as Plan Administrator for the UBS 401(k) Plan, Christopher Ferrara, and Frank Sabia*, Index No. 161304/2021 (hereinafter "*Rosen v. UBS*") to the United States District Court for the Southern District of New York.  In support of this Notice of Removal, Defendants state the following:

**Parties**

1. Plaintiff Emily Rosen ("Plaintiff" or "Rosen") is an adult individual residing in the City of Los Angeles, County of Los Angeles, State of California.  Rosen is a citizen of the State of California within the meaning of 28 U.S.C. §§ 1332 and 1441.

2. Defendant UBS Financial Services Inc. ("UBS") is a business corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1000 Harbor Boulevard, Weehawken, New Jersey. UBS is a citizen of the State of New Jersey within the meaning of 28 U.S.C. §§ 1332 and 1441. UBS is a wholly owned subsidiary of UBS Americas Inc., which is a wholly owned subsidiary of UBS Americas Holding, LLC. UBS Americas Holding, LLC is a wholly owned subsidiary of UBS AG, which is a wholly-owned subsidiary of UBS Group, a publicly held corporation organized and existing under the laws of Switzerland with its principal place of business in Basel and Zurich.

3. Defendant Alight Solutions LLC ("Alight") is an independent business organization that, among other things, services and administers life insurance and 401(k) plans for UBS. Alight is an Illinois limited liability company with its principal place of business located in the City of Lincolnshire, County of Lake and State of Illinois. Alight is whole owned subsidiary of Alight, Inc., a publicly traded company organized and existing under the laws of the State of Delaware, with its principal place of business located in the City of Las Vegas, County of Clark and State of Nevada. Alight is a citizen of the States of Delaware and Nevada within the meaning of 28 U.S.C. §§ 1332 and 1441.

4. Defendant Michael O'Connor ("O'Connor") is an adult individual residing in the State of New Jersey, County of Ocean. O'Connor is the Plan Administrator for the UBS 401(k) Plan (as defined hereinafter), doing business in the City of Weehawken, County of Hudson, State of New Jersey. O'Connor is a citizen of the State of New Jersey within the meaning of 28 U.S.C. §§ 1332 and 1441.

5. Defendant Christopher P. Ferrara ("Ferrara") is an adult individual residing in the State of New York, County of New York, and doing business in the City, County, and State of New York. Ferrara is a citizen of the State of New York within the meaning of 28 U.S.C. §§ 1332 and 1441

6. Defendant Frank Sabia ("Sabia") is an adult individual residing in the State of New York, County of Suffolk. Sabia is the Executor of the Estate of Erich Frank, and an individual doing business in the City of White Plains, County of Westchester, State of New York. Sabia is a citizen of the State of New York within the meaning of 28 U.S.C. §§ 1332 and 1441.

## Procedural Posture

7. On December 18, 2021, Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York, County of New York in the *Rosen v. UBS* matter. A copy of the Summons and Notice is annexed hereto as Exhibit A.

8. On April 22, 2022, Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of New York in *Rosen v. UBS*. A copy of the Complaint is annexed hereto as Exhibit B.

9. Defendants have filed this Notice of Removal within thirty (30) days of the filing of the Complaint, and, therefore, have timely filed it pursuant to 28 U.S.C. § 1446(b).

10. No other proceedings have been held in this action and the Summons, Complaint, and other papers attached as Exhibits A and B constitute all process, pleadings, and orders received by Defendants in this case.

11. Plaintiff alleges, among other things, that her deceased domestic partner, Erich Frank ("Frank"), maintained a $150,000 life insurance policy (the "Life Policy") underwritten by Aetna Life Insurance Company ("Aetna") that he obtained through his employment with UBS, as well as an interest in a UBS-sponsored 401(k) Plan (the "401(k)") with the value of $175,781.12 as of March 11, 2020.

12. Both the Life Policy and the 401(k) are employee benefit plans governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*

13. Plaintiff also alleges that Frank was a participant in two deferred compensation plans at UBS, the UBS Equity Ownership Plan and the UBS Equity Plus Plan (collectively, "Deferred Compensation Accounts"), which allowed Frank to defer portion of his employment compensation for receipt at a later date. According to the Plaintiff, the proceeds of the Deferred Compensation Accounts were in excess of $1 million.

**Background**

14. Plaintiff alleges that Frank had designated in writing Phyllis Frank, his mother, as the primary beneficiary of the Life Policy and the 401(k).

15. Plaintiff alleges that Frank subsequently directed UBS, O'Connor, Sabia, and Ferrara to effectuate his desire to transfer the Life Policy, the 401(k), and the Deferred Compensation Accounts to Rosen upon his death.

16. Plaintiff further alleges that, on December 20, 2018, via a telephone call with O'Connor and Alight, Frank requested to change his beneficiary designations for the Life Policy and the 401(k), desiring to remove Phyllis Frank as the primary beneficiary and to add Rosen as the primary beneficiary.

17. Plaintiff further alleges that Frank relied upon the expertise of Sabia, Ferrara, O'Connor, UBS, and Alight in order to properly change the beneficiary designations.

18. Following the death of Frank on January 6, 2019, Phyllis Frank and Rosen made competing claims to the Life Policy, the 401(k), and a certain brokerage account owned by Frank during his lifetime.

19. In or about August 2019, Aetna filed an interpleader action in the United States District Court for the Southern District, under the caption *Aetna Life Insurance Company v. Phyllis Frank and Emily Rosen*, Case No. 19-06259, seeking that the Court adjudicate the competing claims against the Life Policy ("Aetna Interpleader").

20. On November 19, 2019, O'Connor, as Plan Administrator for the UBS 401(k) Plan, filed an interpleader action in the United States District Court for the Southern District, under the caption *O'Connor v. Phyllis Frank and Emily Rosen,* Case No. 19-11001, seeking that the Court adjudicate the competing claims against the 401(k) ("O'Connor Interpleader").

21. On November 19, 2020, UBS filed an interpleader action in the United States District Court for the Southern District, under the caption *UBS v. Phyllis Frank and Emily Rosen*, Case No. 20-09729, seeking that the Court adjudicate the competing claims against the brokerage account ("UBS Interpleader").

22. The three interpleader actions were consolidated by Order of the Hon. J. Paul Oetken, U.S.D.J., with the lead case being the Aetna Interpleader, Case No. 19-06259 (the "Interpleader Actions").

23. During the Summer of 2021, Phyllis Frank and Plaintiff moved and cross-moved in the Interpleader Actions for summary judgment on the Life Policy, the 401(k), and the brokerage account.

24. On March 22, 2022, the Court in the Interpleader Actions declared Phyllis Frank to be the sole and rightful beneficiary of the Life Policy and the 401(k), finding that Frank did not substantially comply with the requirements of the plans in failing to submit a written request to properly effectuate a change of beneficiary on the Life Policy and the 401(k). The Court also declared Rosen to be the sole and rightful beneficiary of the proceeds of the brokerage account, on the ground that Phyllis Frank had never previously been designated as a beneficiary of that account.

25. Now, in *Rosen v. UBS*, Plaintiff asserts four counts against Defendants: negligence, breach of fiduciary duty, breach of good faith and fair dealing, and respondeat superior. In each and all of these causes of action, Rosen claims damages related to the Life Policy, the 401(k), and the Deferred Compensation Accounts.

**Jurisdiction and Grounds for Removal**

26.  This lawsuit is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because it arises, at least in part, under ERISA. The benefits Plaintiff claims she was wrongfully denied were provided under plans that are "employee benefit plans" within the meaning of ERISA. *See* 29 U.S.C. § 1002(2). ERISA provides an exclusive remedy for participants or beneficiaries to recover benefits under an employee benefit plan. 29 U.S.C. § 1132. Congress expressly provided that ERISA's provisions preempt "all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144; *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1989) ("We have observed in the past that the express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern.") (quotation omitted).

27.  Congress enacted ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans" and to "eliminate the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Shaw v. Delta Air Lines, Inc*., 463 U.S. 85, 90, 99 (1983)). To achieve such uniformity, Congress included a deliberately sweeping preemption provision within ERISA, providing that the Act "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." ERISA § 514(a), 29 U.S.C. § 1144(a); *see New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 115 S. Ct. 1671, 1677 (1995) (ERISA § 514(a) "is clearly expansive."). Claims that can be properly characterized as seeking to recover benefits, enforce rights, or clarify rights to future benefits under a plan covered by ERISA are said to be completely preempted. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, at 62-67 (1987).

28.  Plaintiff's causes(s) of action regarding the Life Policy and the 401(k) seek payment of benefits under the ERISA-governed plans, and so they clearly "relate[] to" an employee benefit plan. As

such, Plaintiff's claims are completely preempted by ERISA. *See Pilot Life*, 481 U.S. at 54 (common law contract and tort claims asserting an improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted); *see also Midpoint Service Provide, Inc. v. Cigna*, 256 F.3d 81, 83 (2d Cir. 2001) ("when a claim asserted in state court is preempted by the civil enforcement provisions of ERISA, removal is allowed on the basis of federal question jurisdiction"); *Johnson v. First Unum Life Ins. Co.*, 914 F. Supp. 51, 51 (S.D.N.Y. 1996) ("ERISA preempts state claims involving improper handling of claims for employee benefits and thus provides a sufficient basis of removal [citing *Taylor*]").

29. Plaintiff's state law claims regarding the Life Policy and 401(k) benefits are completely preempted by ERISA because they seek benefits related to ERISA plans and ERISA preemption provides a basis for removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 at 67 ("Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)."); *see also Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003) ("[W]e held [in *Metropolitan Life Ins. Co.*] that removal was proper even though the complaint purported to raise only state-law claims").

30. Plaintiff's state law claims are also removable because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 and 1441.[1]

31. This Court has supplemental jurisdiction over Plaintiff's claims related to the Deferred Compensation Accounts pursuant to 28 U.S.C. § 1367(a), which grants federal courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III" of the Constitution. 28

---

[1] Defendants note that because removal is not based solely on diversity jurisdiction, the limitation on removal of actions set forth in 28 U.S.C. §1441(b)(2) does not apply.

U.S.C. § 1367(a).  "The state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). "[O]nce it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory."  *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018).

32. A federal court's exercise of supplemental jurisdiction over state law claims has its "justification . . . in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." *Gibbs*, 383 U.S. at 726.  "Gibbs emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right,'" and "articulated . . . a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (quoting *Gibbs*, 383 U.S. at 726, noting the four considerations of economy, convenience, fairness, and comity).

33. Accordingly, and as Plaintiff's claims related to the Life Policy and the 401(k) arise under the laws of the United States, this Court has original jurisdiction over those claims and the Court has supplemental jurisdiction over the claims related to the Deferred Compensation Accounts pursuant to 28 U.S.C. §  1367 as such Plaintiff's claims form part of the same case and controversy and are derived from a common nucleus of operative fact, that is, the alleged failure by Defendants to effectuate Frank's desire to change the beneficiary of his Life Policy, 401(k), and Deferred Compensation Accounts.

34. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

### Non-Waiver of Defenses

35. By removing this action, Defendants do not waive any defenses available to them.

36. By removing this action, Defendants do not admit any of the allegations in plaintiff's complaint.

**WHEREFORE**, Defendants remove the above-captioned action from the Supreme Court of New York, County of New York to the United States District Court for the Southern District of New York

Dated: May 12, 2022
New York, NY

Respectfully submitted,

RIKER DANZIG SCHERER HYLAND & PERRETTI

_/s/ Tod S. Chasin_
Tod S. Chasin
Labinot A. Berlajolli
500 Fifth Ave, 49th Floor
New York, NY 10110
212.302.8739
tchasin@riker.com
lberlajolli@riker.com

*Attorneys for Defendants*

## CERTIFICATION OF SERVICE

    I, TOD. S. CHASIN, hereby certify that, on this 12 day of May 2022, I caused this Notice of Removal with accompanying exhibits to be served upon Mark J. Alonso, by electronic mail to: malonso@alonsolegal.com

RIKER DANZIG SCHERER HYLAND & PERRETTI

_/s/ Tod S. Chasin_
Tod S. Chasin
Labinot A. Berlajolli
500 Fifth Ave, 49th Floor
New York, NY 10110
212.302.8739
tchasin@riker.com
lberlajolli@riker.com

*Attorneys for Defendants*