UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY ROSEN,

                            Plaintiff,

-against-

UBS FINANCIAL SERVICES, et al.,

                            Defendants.

1:22-cv-03880 (JLR) (SDA)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

       The Court has reviewed Plaintiff's Letter-Motion requesting a ruling on certain discovery disputes or for a discovery conference (ECF No. 25) and Defendants' Letter Response (ECF No. 26). Plaintiff seeks to be "afforded the opportunity to depose Defendant O'Connor and Defendant Alight." ECF No. 25 at 3. Defendant objects, arguing that such "depositions are completely unnecessary as the relevant testimony has already been given in previous depositions." ECF No. 26 at 1. Neither party cites any caselaw or federal rules to support their arguments.

       Federal Rule of Civil Procedure ("Rule") 30(a)(1) provides that a "party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." One of the exceptions in Rule 30(a)(2) is where "the deponent has already been deposed in the case." Rule 30(a)(2)(A)(ii). While the parties state that Defendant O'Connor was deposed on April 21, 2021 in a different action, it does not appear that either Defendant O'Connor or Defendant Alight have been deposed *in this case*. *See* ECF No. 25 at 2; ECF No. 26 at 3. Based on the parties' letters, there is no reason that leave of court is required for Plaintiff to depose Defendants O'Connor and Alight, assuming the depositions are otherwise conducted in accordance with the Federal Rules of Civil Procedure. Accordingly, IT IS

HEREBY ORDERED that leave of the Court is not required for Plaintiff to depose Defendants O'Connor and Alight.

Plaintiff notes in its Letter-Motion certain purported agreements between the parties concerning the voluntary dismissal of Defendant Frank Sabia and the stipulation of an exhibit binder. ECF No. 25 at 3. Plaintiff does not request Court action with respect to these items, and the Court takes no position about them at this time.

Finally, Plaintiff requests a second extension of the time for expert disclosures from December 2, 2022 until 30 days after the Court's issuance of this Order. *Id*. The Court previously extended this deadline on October 17, 2022, and it appears that an additional 30-day extension would push the expert disclosure deadline past the December 15, 2022 expert deposition deadline. *See* ECF No. 24. Accordingly, if the parties seek an extension of time, they shall abide by the Court's Individual Rule 1.F., including by filing a proposed Revised Civil Case Management Plan and Scheduling Order where such an extension affects any other scheduled dates.

In its Letter Response, Defendant requests that the Court direct Plaintiff to produce the complete notes used by Plaintiff during her deposition on November 2, 2022. ECF No. 26 at 3. Defendant states that Plaintiff "produced only a single page," yet Plaintiff "referred to multiple pages of her notes during" the deposition. *Id*. The Court previously ruled, during Plaintiff's deposition when counsel for the parties called the Court, that Plaintiff must produce to Defendant a copy of the notes that Plaintiff had with her during the deposition and used to refresh her recollection during the deposition. Accordingly, Plaintiff shall, promptly and no later than **December 2, 2022**, comply with the Court's Order and produce any and all such notes. *See Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (directing the production of notes relied upon by the plaintiff in connection with her deposition testimony).

The Clerk of Court is respectfully directed to terminate ECF No. 25.

Dated: November 28, 2022
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge